UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM DENISON KELLEY** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 20-1496** |
| **MARC J. DOMINGUE, et al.** | **SECTION: "G" (4)** |

## ORDER

This litigation arises out of a June 3, 2019, motor vehicle collision that occurred on Interstate 12 involving driver, Wayne Nicholson, who died as a result of the injuries he sustained from the collision, and his passenger, Plaintiff William Denison Kelley ("Plaintiff").[1] Before the Court is Defendant Barriere Construction Company, LLC's ("Barriere") "Motion to Dismiss Pursuant to FRCP 12(b)(6)."[2] In the motion, Barriere asserts that Plaintiff lacks the capacity to pursue survival and wrongful death actions arising out of the death of Wayne Nicholson because the original Complaint does not establish that Plaintiff is the surviving spouse of Decedent.[3]

Also pending before the Court is Plaintiff's unopposed "Motion for Leave of Court to File Plaintiff's First Supplemental and Amending Complaint."[4] Plaintiff seeks leave of Court to file a Supplemental and Amending Complaint to clarify that Plaintiff is the surviving spouse of Wayne

---

[1] Rec. Doc. 1 at 3–4.

[2] Rec. Doc. 21.

[3] *Id.*

[4] Rec. Doc. 22. The motion for leave to file was filed on August 4, 2020, and Plaintiff noticed the motion for submission on August 19, 2020. Rec. Doc. 22-3. Pursuant to Local Rule 7.2, any opposition to the motion was due on August 11, 2020. No opposition has been filed timely or otherwise. Accordingly, the motion is deemed to be unopposed.

Nicholson.[5] Plaintiff also attaches a Marriage Certificate to the First Supplemental and Amending Complaint.[6]

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave when justice so requires."[7] In the instant case, the Court finds that justice requires allowing Plaintiff to file an amended complaint. Accordingly, the "Motion for Leave of Court to File Plaintiff's First Supplemental and Amending Complaint"[8] is granted.

Courts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12(b)(6) motion is still pending.[9] Many district courts—including this Court—routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint.[10] Although courts may address the merits of a motion to dismiss even after an amended complaint is filed, as a general rule, "if applying the pending motion to the amended complaint would cause confusion or detract

---

[5] Rec. Doc. 22-4.

[6] *See* Rec. Doc. 22-5; Rec. Doc. 25.

[7] Fed. R. Civ. Pro. R. 15(a).

[8] Rec. Doc. 22.

[9] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[10] *See Athletic Training Innovations, LLC v. eTagz, inc.,* No. 12-2540, 2013 WL 360570, at *3 (E.D. La. Jan. 30, 2013) (Brown, J.); *see also, e.g., Lee v. Ability Ins. Co.*, No. 12-17, 2012 WL 3186270, at *1 (S.D. Miss. Aug. 3, 2012) ("The Court finds that it would be impractical and unwise to proceed further on the Motion to Dismiss since it challenges the original Complaint, which is no longer the operative pleading."); *Abb, Inc, v. Reed City Power Line Supply Co.*, 2007 WL 2713731, at *1 (W.D. Mich. Sept. 18, 2007) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot."); *Calloway v. Green Tree Servicing, LLC*, 559 F. Supp. 2d 543, 546 (D. Del. 2009) ("As the amended complaint has superseded the original, defendant's motion to dismiss has become moot."). *But see Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) ("'When a plaintiff amends its complaint while a motion to dismiss is pending' the court may 'den[y] the motion as moot [or] consider[ ] the merits of the motion in light of the amended complaint.'") (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *Patton Elec. Co., Inc, v. Rampart Air, Inc.*, 777 F. Supp. 704, 713 (N.D. Ind. 1991) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure*, § 1476 at 556–58 (2d ed. 1990)).

from the efficient resolution of the issues, then it makes sense to require the defendant to file a new motion specifically addressing the amended complaint."[11]

Here, the First Supplemental and Amending Complaint clearly renders Barriere's motion to dismiss moot. To the extent that any arguments regarding dismissal remain, it would be more efficient for the Court to consider any such arguments in a second motion to dismiss tailored to the allegations raised in the amended complaint. Therefore, the Court concludes that applying the pending motion to the First Supplemental and Amending Complaint would cause confusion and detract from the efficient resolution of the issues. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff William Denison Kelley's "Motion for Leave of Court to File Plaintiff's First Supplemental and Amending Complaint"[12] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Barriere Construction Company, LLC's "Motion to Dismiss Pursuant to FRCP 12(b)(6)"[13] is **DENIED AS MOOT.**

**NEW ORLEANS, LOUISIANA**, this  2nd  day of October, 2020.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[11] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[12] Rec. Doc. 22. The motion for leave to file was filed on August 4, 2020, and Plaintiff noticed the motion for submission on August 19, 2020. Rec. Doc. 22-3. Pursuant to Local Rule 7.2, any opposition to the motion was due on August 11, 2020. No opposition has been filed timely or otherwise. Accordingly, the motion is deemed to be unopposed.

[13] Rec. Doc. 21.