UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM DENNISON KELLEY,** **INDIVIDUALLY AND ON BEHALF OF** **THE ESTATE OF WAYNE NICHOLSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1496** |
| **MARC J. DOMINGUE, ET AL.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

This litigation arises out of a June 3, 2019 motor vehicle collision that occurred on Interstate 12 in St. Tammany Parish, Louisiana.[1] Driver Wayne Nicholson ("Nicholson") died as a result of the injuries he sustained from the collision and his passenger, Plaintiff William Denison Kelley ("Plaintiff") allegedly sustained multiple injuries.[2] Following the accident, Plaintiff filed suit in this Court against multiple defendants, including Marc J. Domingue ("Domingue"), Allstate Insurance Company ("Allstate"), and Barriere Construction Co., LLC ("Barriere").[3] Before the Court is Domingue and Allstate's (collectively, "Movants") "Motion to Stay Proceedings."[4] In the motion, Movants request that this Court stay the case pending the outcome of a criminal proceeding against Domingue.[5] Barriere opposes the motion, arguing that a stay is not warranted

---

[1] Rec. Doc. 1 at 3–4.

[2] *Id.*

[3] *Id.*

[4] Rec. Doc. 51.

[5] *Id.*

1

or, alternatively, that any stay should be limited to Plaintiff's claims against Movants.[6] Plaintiff does not oppose the motion to stay, but argues that a partial stay is not warranted and would be prejudicial to Plaintiff.[7] Having considered the motion, the memorandum in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

On May 20, 2020, Plaintiff filed a complaint in this Court seeking recovery for injuries and property damage Plaintiff allegedly sustained in an automobile accident.[8] On October 2, 2020, Plaintiff filed a First Supplemental and Amending Complaint.[9] According to the Complaint, on June 3, 2019, Nicholson was operating a vehicle on Interstate 12 in St. Tammany Parish with Plaintiff, Nicholson's spouse, as his passenger.[10] Plaintiff alleges that Nicholson had come to a complete stop on the highway due to traffic congestion in a construction zone when his vehicle was rear-ended by Domingue's vehicle.[11] Plaintiff alleges that, as a result of the accident, he suffered "severe and disabling injuries" and Nicholson suffered fatal injuries.[12]

Plaintiff brings a negligence claim against Domingue and against Allstate as Domingue's insurance provider.[13] Plaintiff also brings negligence claims against Barriere, Traffic Solutions, Inc., Kelly Road Builders, Inc., Southern Synergy, LLC, Command Construction Industries,

---

[6] Rec. Doc. 52.

[7] Rec. Doc. 54.

[8] Rec. Doc. 1.

[9] Rec. Doc. 32.

[10] Rec. Doc. 1 at 3.

[11] *Id.*

[12] *Id.* at 4.

[13] *Id.* at 3–4.

LLC, and Kass Bro, Inc., for failure to properly oversee the construction area at which the alleged accident occurred.[14]

On January 12, 2021, Movants filed the instant motion requesting that the case be stayed pending the outcome of an ongoing state court criminal proceeding against Domingue.[15] On January 19, 2021, Barriere filed an opposition to the motion to stay.[16] On January 22, 2021, Plaintiff filed a response to the motion.[17]

## II. Parties' Arguments

### A. *Movants' Arguments in Support of the Motion*

Domingue and Allstate urge this Court to stay the instant case during the pendency of an ongoing criminal proceeding against Domingue in St. Tammany Parish.[18] Movants contend that the district attorney for the 22nd Judicial District Court in St. Tammany Parish filed a felony bill of information against Domingue on April 16, 2020 for negligent homicide as a result of Nicholson's death.[19] Movants assert that the instant civil litigation "arises out of the same operative facts" as the state court criminal matter.[20] Therefore, Movants contend that "civil discovery in this proceeding presents a real and appreciable risk of self-incrimination" to Domingue.[21]

---

[14] *Id.* at 3–5.

[15] Rec. Doc. 51.

[16] Rec. Doc. 52.

[17] Rec. Doc. 54.

[18] Rec. Doc. 51-2 at 1–2.

[19] *Id.* at 2.

[20] *Id.* at 1.

[21] *Id.*

3

Movants contend that the factors laid out by this Court in *Waste Management of Louisiana, LLC v. River Birch, Inc.*,[22] which guide a district court's decision on whether to stay a civil proceeding pending a parallel criminal case, weigh in favor of staying the instant action.[23] Looking to each of the six factors, Movants claim that (1) there is "total overlap" between the issues in the instant case and the state court criminal proceeding; (2) Domingue has already been charged in state court; (3) Plaintiff will not be prejudiced by a stay; (4) Domingue risks self-incrimination if forced to partake in discovery in the instant civil action; (5) the state court criminal proceeding may streamline the issues to be decided in this Court; and (6) the public would benefit from the judicial resources that would be preserved by a stay.[24]

### B.   *Barriere's Arguments in Opposition to the Motion*

Barriere urges this Court to deny Movants' request for a stay.[25] Barriere contends that a stay would "unjustly prejudice Barriere" because a stay would "invite relevant evidence to go stale or disappear and would force Barriere to keep this open claim on its books for longer than necessary," thereby affecting its "claims history and insurance premiums."[26] Barriere asserts that it intends to file a motion for summary judgment "[w]ithout involving Domingue at all," and that a stay would prevent this course of action.[27]

Contrary to Movants' claims, Barriere contends that the *Waste Management* factors weigh

---

[22] No. 11-2405, 2012 WL 520660 (E.D. La. Feb. 15, 2012) (Brown, J.).

[23] Rec. Doc. 51-2 at 3.

[24] *Id.* at 4.

[25] Rec. Doc. 52.

[26] *Id.* at 1.

[27] *Id.* at 10.

4

against a stay in this case.[28] First, while there is overlap between the state court criminal proceedings and the instant civil action, Barriere claims that "none of the discovery actually directed towards Barriere . . . implicates the criminal charges against Domingue."[29] Barriere contends that Plaintiff's claims against Barriere and the other construction companies "revolve around the design of the construction project and the layout of the traffic control measures," which Barriere argues are not implicated by the criminal proceedings.[30]

Second, because Domingue has already been charged in the state criminal matter, Barriere argues that "the justification for obtaining a stay is not as strong as it would have been had Domingue sought the stay prior to his being charged."[31] Third, Barriere claims that Plaintiff has a strong interest in this case continuing to move forward because it is unclear when the state court criminal proceeding will occur in light of the COVID-19 pandemic, resulting in "an indefinite and indeterminate delay."[32]

Fourth, Barriere argues that Domingue will not be prejudiced by the instant civil case proceeding because he "can always plead the Fifth Amendment to avoid incriminating himself."[33] Fifth, Barriere asserts that a stay would contravene this Court's "interest in moving this case forward in an efficient, expeditious manner."[34] Sixth, Barriere contends that public interest weighs against issuing a stay because "the public . . . has an interest in the prompt resolution of

---

[28] *Id.* at 4.

[29] *Id.* at 5.

[30] *Id.*

[31] *Id.*

[32] *Id.* at 6.

[33] *Id.* at 7.

[34] *Id.* at 9.

civil cases."[35] Therefore, Barriere contends that a complete stay of this litigation is not warranted.[36]

Alternatively, Barriere argues that this Court should issue a partial stay only as to Domingue.[37] Barriere asserts that this remedy would "shield[] Domingue from discovery and motion practice while allowing the other parties to move this case forward."[38] Barriere also claims that the Court can avoid issuing a stay by instead "address[ing] each objectionable discovery item . . . on a case-by-case basis."[39]

C.  *Plaintiff's Response to the Motion*

In response, Plaintiff states that he does not oppose the motion to stay but argues that a partial stay is not warranted and would be prejudicial to Plaintiff.[40] Plaintiff claims that "a bifurcated stay, leading to bifurcated discovery, will have a tremendous impact on this case moving forward."[41] Most notably, Plaintiff asserts that a partial stay will hinder his "ability to discover a complete and accurate picture of how this tragic accident occurred and who is responsible."[42] Plaintiff contends that Domingue's testimony will be "the most crucial piece" of evidence in the case.[43] Plaintiff argues that "Domingue's full and unconstrained participation in

---

[35] *Id*.

[36] *Id*. at 11.

[37] *Id*.

[38] *Id*.

[39] *Id*.

[40] Rec. Doc. 54.

[41] *Id*. at 2.

[42] *Id*.

[43] *Id*.

this case is necessary for this case to proceed fairly, and to get down to the bottom of what person, or persons, is responsible" for the accident at issue.[44] Without Domingue's participation and testimony, Plaintiff asserts that experts will be unable to produce complete reports on the accident and there is a risk "of allowing a responsible party to be prematurely dismissed from this case before evidence regarding that party's culpability" can be properly determined.[45]

### III. Legal Standard on a Motion to Stay

There is no question that a district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[46] and that this authority includes the district court's wide discretion to grant a stay in a pending matter.[47] When "the interests of justice seem[] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions.[48] Although it is not required to do so, a district court "may stay a civil proceeding during the pendency of a parallel criminal proceeding,"[49] or "until the criminal case or the likelihood of a criminal case is ended."[50] Therefore, although "[t]he simultaneous prosecution of civil and criminal actions is generally unobjectionable,"[51] a stay of a pending civil action may be

---

[44] *Id.* at 3.

[45] *Id.* at 2–3.

[46] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[47] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[48] *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *see also Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986).

[49] *S.E.C. v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).

[50] *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007) (citing *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996))).

[51] *First Fin. Grp.*, 659 F.2d at 667.

appropriate "when there is a real and appreciable risk of self-incrimination."[52]

The decision to stay a civil action pending resolution of a related criminal proceeding is a matter left to the court's discretion.[53] The Fifth Circuit has determined that such a stay may be warranted where "special circumstances" exist such that a party would suffer substantial and irreparable prejudice otherwise.[54] The "mere possibility of prejudice" to the criminal defendant arising from discovery in the civil case does not necessarily warrant a stay.[55] The burden to show that a stay is warranted rests on the movant.[56] In determining whether a civil action should be stayed due to a criminal matter, courts within the Fifth Circuit have looked to six factors.[57] These factors are:

1. The extent to which the issues in the criminal case overlap with those presented in the civil case;

2. The status of the criminal case, including whether the defendant has been indicted;

3. The private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay;

4. The private interests of and burden on the defendant;

---

[52] *Kordel*, 391 U.S. at 8–9.

[53] *Id.* at 12 n.27.

[54] *First Fin. Grp.*, 659 F.2d at 668; *see also United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983).

[55] *In re Ramu Corp.*, 903 F.2d at 320.

[56] *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *Drummond v. Fulton Cty. Dep't of Family & Children's Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976).

[57] *See Tajonera v. Black Elk Energy Offshore Operations, LLC*, No. 13-366, 2015 WL 893447, at *9 (E.D. La. Mar. 2, 2015) (Brown, J.) (citing *Alcala v. Tex. Webb Cty.*, 625 F.Supp.2d 391, 399 (S.D. Tex. 2009) (collecting district court cases within the Fifth Circuit applying this test)); *see also Lebouef v. Global X-Ray and Testing Corp.*, No. 07-5755, 2008 U.S. Dist. LEXIS 6470, at *4 (E.D. La. Jan. 29, 2008) (Barbier, J.) ("To determine whether special circumstances exist, the court must 'balance the competing constitutional and procedural interests of the parties,' as illustrated through the six-factor test . . . .") (citation omitted)).

5. The interests of the courts; and

6. The public interest.[58]

## IV. Analysis

In the instant motion, Movants request that the Court stay this case pending the outcome of an ongoing state court criminal proceeding against Domingue.[59] Plaintiff does not oppose a stay of the entire case pending the criminal proceeding.[60] However, Defendant Barriere opposes the motion.[61]

A. *Whether Movants Have Established that a Stay is Warranted*

As discussed above, courts analyze six factors to determine whether a civil action should be stayed during the pendency of a related criminal matter. The Court addresses each of these factors to determine whether a stay is appropriate in this case.

1. **Extent of Overlap between Civil and Criminal Cases**

Where there exists overlap between the civil and criminal proceedings, courts often feel compelled to grant a stay.[62] Indeed, some courts have found that "the similarity of the issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay."[63] Overlap between the civil and criminal proceedings is an important factor specifically because such overlap increases the risk of a defendant's self-

---

[58] *Id.* (internal citation omitted).

[59] Rec. Doc. 51.

[60] Rec. Doc. 54.

[61] Rec. Doc. 52.

[62] *Tajonera*, 2015 WL 893447, at *9 (internal citation omitted).

[63] *Id.* (quoting *Dominguez v. Hartford Fin. Servs. Grp.*, 530 F.Supp.2d 902, 906–07 (S.D. Tex. 2008)).

9

incrimination in civil proceedings.[64]

Movants seek a stay of this matter because, as a result of the alleged accident at issue in the instant case, Domingue was charged with the negligent homicide of Nicholson in St. Tammany Parish.[65] Movants contend that "civil discovery in this proceeding presents a real and appreciable risk of self-incrimination" to Domingue.[66] In opposition, Barriere asserts that "none of the discovery actually directed towards Barriere . . . implicates the criminal charges against Domingue."[67] Barriere contends that Plaintiff's claims against Barriere and the other construction companies "revolve around the design of the construction project and the layout of the traffic control measures," which Barriere argues are not implicated by the criminal proceedings.[68]

Plaintiff's claims against Domingue involve the exact same conduct as that involved in the state court criminal proceeding. Barriere's argument that Plaintiff's claims against the construction company defendants do not implicate the criminal proceedings against Domingue ignores the context of the case. Plaintiff alleges that Domingue rear-ended Nicholson's vehicle while it was at a complete stop due to traffic congestion in a construction work zone.[69] Plaintiff claims that the construction created a hazardous condition which contributed to the accident.[70] Any testimony by Domingue regarding how the design and layout of the construction project may have contributed to the accident, if at all, is clearly relevant to Plaintiff's claims against Barriere

---

[64] *Id.*

[65] Rec. Doc. 51-2 at 2.

[66] *Id.* at 1.

[67] Rec. Doc. 52 at 5.

[68] *Id.*

[69] Rec. Doc. 1 at 3.

[70] *Id.* at 4.

and the other construction companies. The ongoing criminal proceeding against Domingue will hinder Plaintiff's ability to discover this information. Therefore, this factor weighs heavily in favor of issuing a stay.

### 2. Status of Criminal Proceedings

On April 16, 2020, the district attorney for St. Tammany Parish filed a felony bill of information against Domingue charging him with the negligent homicide of Nicholson.[71] Domingue's criminal trial was scheduled to begin on December 7, 2020, but it has been continued until after March 1, 2021 due to the COVID-19 pandemic.[72] The instant case and the criminal proceeding will require the fact-finder to answer the same basic question—whether Domingue negligently caused the death of Nicholson. In consideration of the significant overlap between the two proceedings, this factor weighs in favor of a stay.

### 3. Plaintiffs' Interest

Movants assert that a stay would not prejudice Plaintiff because "a stay in this case would allow [Plaintiff] 'the benefit of information gathered during the criminal investigation.'"[73] Barriere argues that Plaintiff "clearly has a strong interest in moving this case forward towards a swift resolution."[74] Barriere contends that due to the COVID-19 pandemic, "there is no telling when Domingue's criminal matter will proceed to trial," resulting in an "indefinite and indeterminate delay" in the instant civil action if a stay were to be granted.[75]

---

[71] Rec. Doc. 51-2 at 2.

[72] *Id.*

[73] *Id.* at 4.

[74] Rec. Doc. 52 at 6.

[75] *Id.*

Barriere's argument is unavailing because Plaintiff himself does not oppose a stay.[76] Plaintiff correctly argues that Domingue's testimony is essential to determining how the accident occurred and who is responsible.[77] Because Domingue faces a risk of self-incrimination by testifying before the criminal trial is complete, Plaintiff argues that the civil litigation should be stayed in its entirety pending the criminal proceedings.[78] Considering that Plaintiff supports a stay, this factor weighs in favor of a stay.

### 4. Defendants' Interest

According to Movants, allowing this case to move forward to judgment could prejudice them because "if Domingue is forced to defend himself and respond to discovery in this civil suit, there is a real risk of self-incrimination that could irreparably prejudice him in the criminal proceeding."[79] Barriere argues that Domingue can "always plead the Fifth Amendment to avoid incriminating himself" or that this Court can prevent any prejudice to Domingue by "addressing each questionable discovery request or deposition question through a motion to quash or for protective order."[80] Barriere contends that it will be adversely affected by a stay because evidence may be lost and because it will be forced to keep this action on "its ledger," leading to an "adverse effect on Barriere in the eyes of its insurers, financial institutions, and the like."[81]

Domingue faces a real possibility of self-incrimination if the instant civil litigation were

---

[76] Rec. Doc. 54 at 1.

[77] *Id.* at 2–3.

[78] *Id.*

[79] Rec. Doc. 51-2 at 4.

[80] Rec. Doc. 52 at 7–8.

[81] *Id.* at 10.

to proceed to trial in advance of the criminal proceeding. He would be "forced to choose between his civil discovery obligations and his ability to assert his Fifth Amendment privilege against self-incrimination."[82]

Moreover, Defendants Traffic Solutions, Inc., Kelly Road Builders, Inc., Southern Synergy, LLC, Command Construction Industries, LLC, and Kass Bro, Inc. did not oppose this motion. The answers filed by these defendants show that they plan to rely on a defense that centers around the alleged fault of Domingue.[83] These defendants may not be able to receive the full extent of discovery they are entitled to in civil matters if Domingue invokes his Fifth Amendment rights. Accordingly, the other defendants may be prejudiced if a stay is not granted here. Therefore, this factor weighs in favor of a stay.

### 5. The Court's Interest

"The Court has interests in judicial economy and expediency."[84] Both interests are benefitted by a stay in this instance because the criminal investigation and trial may "streamline" discovery in this litigation.[85] Thus, proceeding with this action at this time may result in the use of judicial resources that may not be necessary if the case proceeds after the criminal proceeding has been completed.

The stay of this litigation will not be indefinite or unreasonable, as Barriere suggests. The COVID-19 pandemic has affected the ability of both the state court and this Court to schedule trials. However, the state court criminal proceedings, although delayed due to COVID-19, appear

---

[82] *Warren v. Geller*, No. 11-2282, 2013 WL 1455688, at *10 (E.D. La. Apr. 9, 2013) (Brown, J.).

[83] Rec. Docs. 20, 38, 40, 55.

[84] *Waste Mgmt*, 2012 WL 520660, at *5 (citing *S.E.C. v. Offill*, No. 07-CV-1643, 2008 WL 958072, at *1 (N.D. Tex. Apr. 9, 2008) (internal quotation marks omitted)).

[85] *Id*.

likely to proceed in the coming months. Accordingly, this factor, like the previous four, weighs in favor of issuing a stay.

### 6. The Public Interest

The Fifth Circuit has recognized that the public interest in law enforcement efforts though criminal investigation and prosecution is substantial:

> The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.[86]

Although the public also has an interest in the prompt resolution of civil cases, Fifth Circuit precedent advises that this interest is subservient to law enforcement's prerogative in this situation.[87] Therefore, the Court concludes that this factor also weighs in favor of a stay.

### B. *Scope of the Stay*

As an alternative to a complete stay, Barriere urges this Court to grant a partial stay of the matter only as to Domingue.[88] While Barriere contends that a partial stay would "shield[] Domingue from discovery and motion practice while allowing the other parties to move this case forward," such a remedy would prejudice both Plaintiff and Domingue.[89]

A partial stay and bifurcated discovery in this civil action would hinder Plaintiff's ability to discover a complete and accurate picture of how this accident occurred and who is responsible. Additionally, proceeding with discovery against other defendants while the claims against

---

[86] *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

[87] *Id*.

[88] Rec. Doc. 52 at 11.

[89] *Id*.

Domingue are stayed could affect Domingue's "right to a fair criminal trial or hinder [his] ability to defend [himself] in the civil case."[90]

### V. Conclusion

Based on the foregoing, the Court grants the motion to stay this case in entirety. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Marc J. Domingue and Allstate Insurance Company's "Motion to Stay Proceedings"[91] is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned matter is **STAYED** and **ADMINISTRATIVELY CLOSED** pending resolution of the criminal charges pending against Defendant Marc J. Domingue in the 22nd Judicial District Court for the Parish of St. Tammany. The parties shall file a motion to reopen the case within 30 days of the conclusion of the criminal proceedings so that it can be restored to the Court's active trial docket.

**NEW ORLEANS, LOUISIANA,** this __9th__ day of March, 2021.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[90] *Cruz Mejia v. Bros. Petroleum, LLC*, No. 12-2842, 2019 WL 3430267, at *4 (E.D. La. July 30, 2019) (Vance, J.).

[91] Rec. Doc. 51.