UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM DENISON KELLEY** | **CIVIL ACTION NO: 20-CV-1496** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **MARC J. DOMINGUE, ET AL.** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Second Supplemental and Amending Complaint filed by Defendant the State of Louisiana through the Department of Public Safety and Corrections, Office of State Police (the "State Police"). R. Doc. 84. Plaintiff William Denison Kelley ("Kelley"), individually and on behalf of the Estate of Wayne Nicholson, opposes the motion. R. Doc. 93. For the reasons assigned below, the State Police's motion is **GRANTED IN PART** and **DENIED IN PART AS MOOT**.

## BACKGROUND

On June 3, 2019, Kelley and his husband, Wayne Nicholson ("Nicholson"), were traveling eastbound on Interstate 12. R. Doc. 1 at ¶ 14. Due to traffic congestion caused by ongoing construction, Kelley and Nicholson were at a complete stop when another driver rear-ended their vehicle. *Id.* As a result of the accident, Kelley suffered injuries, and Nicholson died. *Id.* at ¶¶ 19, 20. On May 20, 2020, Kelley filed this tort action, and later filed his Second Supplemental and Amended Complaint, adding as defendants the State Police and State Police Trooper Zavier A. Martin ("Martin"), whom Kelley alleges "was assigned to monitor the road construction and failed to properly oversee and monitor the construction site at the time of the incident." R. Docs. 1, 72 at ¶ 2. On May 12, 2023, the State Police filed the instant motion to dismiss, arguing the Eleventh

Amendment bars Kelley's claims against it and, alternatively, that Kelley failed to properly serve the State Police.[1]  R. Doc. 84.

## LAW AND ANALYSIS

"The Eleventh Amendment prohibits an individual from suing a state in federal court, 'unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity.'"  *Blanchard v. Newton*, 865 F.Supp.2d 709, 713 (M.D. La. 2012) (quoting *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002)).  A state's waiver of sovereign immunity must be "stated 'by the most express language or by such overwhelming implications from the text as will leave no room for other reasonable construction.'"  *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S. Ct. 1361 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 29 S. Ct. 458, 464 (1909)).

The State Police correctly argues it is immune from Kelley's claims against it.  "It is well-settled in the Fifth Circuit that the Louisiana State Police is 'an arm of the State' that is entitled to Eleventh Amendment immunity."  *Whitaker v. Barksdale Air Force Base*, No. 14-CV-2342, 2015 WL 574697, at *3 (W.D. La. Feb. 11, 2015); *Noble v. Norfolk S. Corp.*, No. 02-CV-3233, 2003 WL 1618590, at *6 (E.D. La. Mar. 26, 2003) ("Because a state agency such as the Louisiana State Police . . . is in essence an alter ego of the State of Louisiana, it is also immune from suit."). And while a state may waive its Eleventh Amendment immunity, Louisiana has expressly declined to do so through the enactment of Louisiana Revised Statute § 13:5106, which provides "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."  LA. R.S. § 13:5106(A).

---

[1] In his Original and Amended Complaints, Kelley named a number of other individuals and entities as defendants. The only remaining defendants, however, are the State Police and Martin.

Kelley argues, for the first time in his opposition,[2] the State Police does not enjoy Eleventh Amendment immunity if Martin was working as a private detail for the company overseeing the road construction rather than in his official capacity as a State Police trooper.[3]  This allegation, even taken as true, does not affect the State Police's Eleventh Amendment immunity, however.  The State Police does not somehow cease to become an arm of the State if Martin was working in a private capacity, or otherwise outside of his role as a Louisiana State trooper.  Nor is this the proposition for which *Lamb v. Tenth Judicial District Drug Task Force*, the sole case Kelley cites in support of his position, stands.  944 F.Supp.2d 586 (E.D. Tenn. 2013).  In *Lamb*, the district court denied a state drug task force invocation of the Eleventh Amendment, finding it could not determine at the motion to dismiss stage whether the drug task force was an arm of the State.  *Id.* at 593.  Here, there is no doubt the State Police is an arm of the State and is, therefore, entitled to Eleventh Amendment immunity.  For this reason, the Court lacks subject matter jurisdiction over Kelley's claims against the State Police, and these claims must be dismissed.[4]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** the State Police's Motion to Dismiss Second Supplemental and Amending Complaint (Record Document 84) is **GRANTED IN PART and DENIED IN PART AS MOOT**.

---

[2] As the State Police points out, Kelley's opposition brief is untimely under Local Rule 7.5.  The Court will nevertheless exercise its discretion and consider Kelley's opposition.

[3] Kelley did not allege in his Second Amended Complaint that Martin was working in a capacity other than as a State Police trooper and in fact, alleged that "[a]t all times relevant herein, . . . Martin . . . was in the course and scope of his employment with . . . [the] Louisiana State Police."  R. Doc. 72 at ¶ 2.  Out of an abundance of caution, however, the Court will construe Kelley's newly raised allegations as a motion to amend and consider the allegations on their merits.

[4] The State Police also argue Kelley's claims against it must be dismissed for failure to properly serve.  Considering the dismissal of Kelley's claims against the State Police, however, the Court finds it unnecessary to reach this argument.

4

To the extent the State Police seeks dismissal of the claims against it for lack of subject matter jurisdiction, the motion is **GRANTED**, and Kelley's claims against the State Police are **DISMISSED WITHOUT PREJUDICE**.

To the extent the State Police seeks dismissal of the claims against it for insufficient service of process, the motion is **DENIED AS MOOT**.

New Orleans, Louisiana, this 11th day of December 2023.

                                            **DARREL JAMES PAPILLION**
                                            **UNITED STATES DISTRICT JUDGE**